**NEW YORK STATE, on Behalf of NEW YORK, BRONX AND KINGS COUNTIES, Plaintiff,**

v.

**UNITED STATES of America, Defendant,**

**National Association for the Advancement of Colored People et al., Intervenors.**

**Civ. A. No. 2419–71.**

United States District Court, District of Columbia.

Jan. 18, 1974.

Supplemental Opinion Feb. 22, 1974.

Order and Judgment April 30, 1974.

Louis J. Lefkowitz, Atty. Gen., George D. Zuckerman, Asst. Atty. Gen., New York City, for plaintiff.

Gerald W. Jones, M. Karl Shurtliff, S. Michael Scadron, Dept. of Justice, Washington, D. C., for defendant.

Jack Greenberg, Eric Schnapper, New York City, Wiley Branton, Washington, D. C., for intervenors.

Before TAMM, Circuit Judge, and JONES and GREEN, District Judges.

## MEMORANDUM ORDER

PER CURIAM.

This matter is before the Court on plaintiff's Motion for a Stay. To place this Motion in proper perspective, a brief synopsis of the case history is necessary.

On December 3, 1971, the State of New York filed this action to exempt the counties of Bronx, Kings and New York from coverage of Sections 4 and 5 of the Voting Rights Act of 1965, as amended. On March 17, 1972, New York moved for summary judgment, and on April 3, 1972, the defendant, the United States, consented to the entry of judgment for the plaintiff. This Court permitted the consent judgment to be entered. At no time did this Court act on the merits of the action.

Thereafter, on April 7, 1972, the National Association for the Advancement of Colored People filed a Motion to Intervene in the instant action. This Court considered the Motion and denied it on April 13, 1972, on the ground of untimeliness. On June 21, 1973, the Supreme Court affirmed this Court's denial of the Motion to Intervene, but stated

**12**

further that the applicants for intervention "were free to renew their motion to intervene" at a future date. 413 U.S. 345, 93 S.Ct. 2591, 37 L.Ed.2d 648.

Subsequently, on September 28, 1973, the N.A.A.C.P. did file a second Motion to Intervene. An opposition to said Motion was filed by plaintiff New York State on October 16, 1973. On October 23, 1973, the defendant, the United States, filed a Motion to Reopen the case. On October 31, 1973, the plaintiff, New York, filed an Affidavit in Opposition to the Motion to Reopen.

■ Upon consideration of these papers, this Court granted both the Motion to Reopen and the Motion to Intervene. The Motion to Reopen was granted pursuant to § 4(a) of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973b(a), which provides in pertinent part that the Court retains jurisdiction of the action for five years after judgment and "shall reopen the action upon motion of the Attorney General alleging a test or device has been used for the purpose or with the effect of denying or abridging the right to vote on account of race or color." This allegation having been made by the Attorney General, based on a conclusion of law issued in the case of Torres et al. v. Sachs et al., Civil Action No. 73 Civ. 3921 (CES) (S.D.N.Y.), filed September 27, 1973, this Court granted the Motion to Reopen. The stipulation to entry of a consent judgment having been withdrawn by the United States, the Court could no longer view the action as "settled by consent."

On the issue of intervention, the Court granted the Motion to Intervene because it was in conformance with the requirements of Rule 24 of the Federal Rules of Civil Procedure and it was now timely in view of the Court's decision to reopen the case.

At the second calendar call January 4, 1974, the question of whether this Court was rescinding its April 13, 1972 decision to allow the filing of the consent judgment arose. On January 10, 1974, this Court entered an Order rescinding the April 13, 1972 judgment and denying the plaintiff New York's Motion for Summary Judgment. That Order included a specific provision that "the election of those persons presently holding office under color of law" shall not be invalidated.

The Motion for a Stay of this latest Order was received by this Court in chambers on Tuesday, January 15, 1974. (This Motion was not filed with the Clerk of the Court, but sent directly to each Judge on the panel). The January 10, 1974 Order does not change the status of the presently elected officials. However, it does vest jurisdiction in this Court to require New York to submit its Congressional and State legislative reapportionment statutes to the Justice Department for consideration. New York State has agreed to make such submissions in its Motion for a Stay. (Plaintiff's Motion for a Stay, number 17).

The Court does not believe that the circumstances presented herein warrant the granting of a stay. The situation is altered with respect only to the future actions of the State.

For the foregoing reasons, it is by the Court, this 18th day of January 1974,

Ordered that plaintiff's Motion for a Stay should be and hereby is denied.

SUPPLEMENTAL OPINION

■ At the February 4, 1974 status call in the above-captioned case, it was brought to the Court's attention that the seat in the 31st Senate District of Bronx County was vacant and that a special election might be in order. Both the United States and the N.A.A.C.P. opposed any election until the Justice Department had completed its review of submitted materials. It also appeared that because of the requirement for a four week period of notice prior to scheduling an election and because the

legislature sits only through April, an attempt to schedule an election now would be fruitless.

Because the Court's Order of January 10, 1974 is presently the subject of a Motion for a Stay filed by plaintiff in the Supreme Court of the United States, it is the opinion of this Court that the issue of a special election is not properly before us. The presentation of the "special" situation herein does not, in this Court's opinion, warrant any deviation from the January 10, 1974 Order.

## ORDER AND JUDGMENT

The Defendant-Intervenors, N.A.A.C.P., etc., et al., having filed their Motion For Summary Judgment, the case having been heard by this Court, and good cause having been shown, it is hereby

Ordered, adjudged and decreed that the Motion For Summary Judgment of the Defendant-Intervenors, N.A.A.C.P., etc., et al., be granted, and

That the Declaratory Judgment sought by the Plaintiff, New York State, be denied.